UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HITACHI MEDICAL SYSTEMS
AMERICA, INC.                             CIVIL ACTION

VERSUS                                    NUMBER 12-273-BAJ-SCR

SOUTHWEST MISSISSIPPI
ANESTHESIA, P.A., INC.

**RULING ON MOTION TO COMPEL ANSWERS TO INTERROGATORIES, THE PRODUCTION OF DOCUMENTS, FOR SANCTIONS, AND FOR EXPEDITED HEARING AND BRIEFING DEADLINES**

Before the court is the Defendant's Motion to Compel Answers to Interrogatories, the Production of Documents, for Sanctions, and Request for Expedited Hearing and Briefing Deadlines, filed by defendant Southwest Mississippi Anesthesia, P.A., Inc. Record document number 23. The motion is opposed by plaintiff Hitachi Medical Systems America, Inc.[1]

**Background**

The subject of this discovery dispute is interrogatories and document production requests the defendant served on the plaintiff February 26, 2013. Plaintiff did not provide its answers and responses to this discovery until May 21, 2013.[2] One week later, on May, 28 a status conference was held, after which the scheduling order was amended to allow time for completion of both fact and

---

[1] Record document number 24.

[2] Record document number 23-4, Exhibit B.

expert discovery.  During that conference counsel for the defendant advised the court that the parties would try to resolve the dispute over the sufficiency of the plaintiff's discovery responses, but if they failed to do so promptly a motion to compel discovery would be filed.[3]  The Amended Scheduling Order changed the deadline for completion of discovery and filing motions to compel to August 16, 2013.

Defendant did not advise the plaintiff of the claimed deficiencies until June 14, and the plaintiff did not respond to this letter until June 24.  Plaintiff disputed some of the defendant's arguments with regard to Interrogatory Number 1 and the FDA documents, but otherwise indicated that it was searching for responsive documents and hoped to provide them "shortly."[4]  Counsel for the plaintiff suggested that the issues be discussed later in the week.  According to the defendant, an email was sent in response to this suggestion, but the plaintiff never responded and this motion to compel was filed on June 28.[5]  Three weeks after this motion was filed, the plaintiff sent a letter stating that it

---

[3] Record document number 12.  The primary reason for modifying the scheduling order was to include expert deadlines, after counsel for the defendant advised of the need to offer expert testimony.

[4] Record document number 23-5, Exhibit C; record document number 23-6, Exhibit D.

[5] Record document number 23-7, Exhibit E.  Rather than promptly filing a motion to compel as was stated at the status conference, the defendant waited one month, until June 28, to file the motion.

was supplementing its May 21 discovery responses with a privilege log, a disc containing emails numbered 000602 through 012092, and confidential documents numbered 012034 through 012092. However, the plaintiff's counsel stated that the emails and confidential documents would not be provided until the defendant signed a stipulation regarding confidentiality and non-waiver of protected material.[6]

In its related Motion for Modification of the Current Scheduling Order, the defendant stated that the number of pages of additional documents the plaintiff intends to produce is 11,491.[7] Defendant noted that it has no way of knowing until the court approves the stipulation, the documents are produced and it can review them, whether or not the supplemental production cures the deficiencies it raised in the present discovery motion.[8]

## Analysis

The specific discovery responses that the defendant claims are deficient are the answers to Interrogatory Numbers 1, 2, 6, 21, 22, and the responses to Requests for Production Numbers 5, 7-17, 21-23, 26, 27, 30, 35-37. In its opposition to the motion, the plaintiff essentially raised only two arguments: (1) the defendant

---

[6] Record document number 24-1, Exhibit D; record document number 25.

[7] Record document number 26-1, p. 3.

[8] *Id.*, p. 5.

3

has failed to provide complete discovery responses and should be sanctioned for this failure, and (2) shortly after receiving the defendant's discovery requests it began to investigate procedures for searching its electronically stored information (ESI), ultimately searched its ESI, and is ready to produce more than 12,000 pages of emails and confidential documents, but it will do so only when the defendant agrees to a proposed stipulation related to the designation of confidential material and non-waiver of protected material.

These arguments do not provide any basis for denying the defendant's motion to compel.  The fact that the plaintiff contends the defendant's discovery responses are inadequate,[9] does not excuse its dilatory and deficient responses to the defendant's interrogatories and document requests.  Plaintiff also should not have withheld the supplemental production of the ESI and other documents until the defendant agreed to sign the stipulation.  Rather, the plaintiff should have anticipated the need for a protective order, and no later than when it was ready to provide the outstanding discovery, the plaintiff should have promptly moved for a protective order.   It is clear that under Rule 26(c), Fed.R.Civ.P., the party desiring the protection has the burden of moving for a suitable protective order.

It is possible that much, if not all, of this discovery motion

---

[9] Plaintiff did not file a motion to compel.

will be moot once the defendant receives and reviews the ESI and documents the plaintiff will be producing. However, given the present record the court cannot find that motion is moot, and therefore the defendant is entitled to the relief sought in this motion. In the supplemental production ordered in this ruling, the plaintiff is not required to duplicate any information and documents that are already included in the emails and confidential documents the plaintiff notified the defendant it was ready to provide. But to the extent the plaintiff's supplemental production does not correct the deficiencies raised in this motion, the plaintiff must provide supplemental answers to Interrogatory Numbers 1, 2, 6, 21, 22 and supplemental responses to Requests for Production Numbers 5, 7-17, 21-23, 26, 27, 30, 35-37, without objections, within 7 days.

With regard to the recovery of expenses, under Rule 37(a)(5)(A), Fed.R.Civ.P., if the motion is granted or if the disclosure or requested discovery is provided after the motion the was filed, the court must require the party whose conduct necessitated the motion, or the attorney advising that party, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant did not make a good faith attempt to resolve the dispute without court action, the opposing party's position was substantially justified or other circumstances make an award of expenses unjust.

Under this rule the defendant did make a good faith attempt to resolve the discovery problem, the plaintiff's position was not substantially justified and no circumstances exist that would make an award of expenses unjust.  The background and analysis set forth in this ruling demonstrate that the defendant is entitled to recovery of its expenses.  Defendant did not claim a specific amount for the expenses incurred in filing this motion.  However, a review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, the Motion to Compel Answers to Interrogatories, the Production of Documents, and for Sanctions, filed by defendant Southwest Mississippi Anesthesia, P.A., Inc. is granted.

Plaintiff Hitachi Medical Systems America, Inc. shall produce supplemental answers to Interrogatory Numbers 1, 2, 6, 21, 22, and produce for inspection and copying the documents responsive to Requests for Production Numbers 5, 7-17, 21-23, 26, 27, 30, 35-37, without objections, within 7 days.  Pursuant to Rule 37(a)(5)(A), the plaintiff shall pay to the defendant, within 14 days, reasonable expenses in the amount of $300.00.

Defendant's Request for Expedited Hearing and Briefing Deadlines is denied as moot.

Baton Rouge, Louisiana, July 31, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE